UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CORY HOLLAND, SR.,

    Plaintiff,                                              No. 21-11246

v.                                                          Honorable Nancy G. Edmunds

STUART LEE SHERMAN, and
KMS HOLDING COMPANY,

    Defendants.
_____/

**ORDER GRANTING PLAINTIFF'S APPLICATION TO
PROCEED WITHOUT PREPAYING FEES OR COSTS [2]
AND DISMISSING PLAINTIFF'S COMPLAINT**

The matter is before the Court on its own review of Plaintiff Cory Holland Sr.'s pro se complaint. (ECF No. 1.) Plaintiff has also filed an application to proceed without prepaying fees or costs. (ECF No. 2.) The Court has reviewed Plaintiff's application and GRANTS Plaintiff's request to proceed in forma pauperis. For the reasons discussed below, however, the Court DISMISSES Plaintiff's complaint.

**I.    Application to Proceed In Forma Pauperis**

Under 28 U.S.C. § 1915(a)(1), a court may authorize the commencement of a civil action without the prepayment of fees or costs ("in forma pauperis" or "IFP") if the applicant submits an affidavit demonstrating that he or she is "unable to pay such fees or give security therefor." An affidavit in support of an IFP application is sufficient if it states that one cannot, because of his poverty, afford to pay the costs of litigation and still provide himself and his family with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948). Here, Plaintiff states his only source of

1

income is supplemental security income and he also lists a number of expenses and debts. Based on this affidavit, the Court grants Plaintiff's application to proceed IFP.

## II. Plaintiff's Complaint

When a plaintiff establishes indigence, the district court must screen the complaint as mandated by Congress in 28 U.S.C. § 1915(e)(2). *See McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled in part on other grounds by LaFountain v. Harry*, 716 F.3d 944 (6th Cir. 2013). Specifically, the district court is obligated to dismiss a civil complaint if it "is frivolous or malicious [or] fails to state a claim on which relief may be granted." *See* § 1915(e)(2)(B).

Also, "federal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte." *Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). Generally, federal courts have the authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008).

Here, Plaintiff alleges Defendants illegally stole social security benefits from him by submitting fraudulent documents to the social security administration. Plaintiff asserts that this Court has federal question jurisdiction over this matter. In support of this assertion, Plaintiff cites to 18 U.S.C. §§ 287, 641, 1001, 1343, which criminalize making fraudulent claims to the government, embezzlement and theft of public money, fraud and making false statements to the government, and mail fraud. A private citizen, however, may not assert a right of action under a criminal statute. *See Jenkins v. Methodist Healthcare*, No. 15-6195, 2016 U.S. App. LEXIS 10598, at *5 (6th Cir. May

6, 2016) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)); *Hamilton v. Reed*, 29 F. App'x 202, 204 (6th Cir. 2002). Thus, the Court finds Plaintiff fails to state a claim upon which relief may be granted and dismissal of the complaint is appropriate under § 1915(e)(2)(B)(ii). *See Hamilton*, 29 F. App'x at 204.

And if the Court were to liberally construe Plaintiff's pro se complaint as bringing a common law claim of fraud, the only basis for exercising jurisdiction over that claim would be diversity jurisdiction. However, Plaintiff does not invoke the Court's diversity jurisdiction, and it appears both Plaintiff and Defendant Sherman are citizens of the state of Michigan. Thus, the Court does not have subject matter jurisdiction over any fraud claim.

### III. Conclusion

For the foregoing reasons, Plaintiff's application to proceed without prepayment of fees or costs is GRANTED; Plaintiff's claims brought pursuant to federal criminal statutes are DISMISSED with prejudice; and to the extent Plaintiff's complaint can be construed as bringing a common law claim of fraud, that claim is DISMISSED without prejudice to refiling in the appropriate state forum.

In addition, pursuant to § 1915(a)(3), this Court hereby certifies that an appeal may not be taken in forma pauperis because it would not be taken in good faith.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 28, 2021

I hereby certify that a copy of the foregoing document was served upon counsel of record on May 28, 2021, by electronic and/or ordinary mail.

<pre>                          s/Lisa Bartlett
                          Case Manager</pre>